Name: _Bret G. MacArthur, 194568_
Address: _P.O. Box 250, Draper, Utah 84020_ FILED
Telephone: ____
U.S. DISTRICT COURT

RECEIVED CLERK

FEB 2 4 2015

U.S. DISTRICT COURT

2015 APR -3 P 3: 49

DISTRICT OF UTAH

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## _Central_ DIVISION DEPUTY CLERK

---

_Bret Golden MacArthur_

(Full Name)                    _Pro Se_

### PLAINTIFF

vs.

_Richard Garden MD_

_Utah State Prison_

_Utah Department of Corrections_

_*Complete List on Parties Sheet_
_(P1)_

### DEFENDANTS

**CIVIL RIGHTS COMPLAINT**
(42 U.S.C §1983, §1985)

Case: 2:15cv00117
Assigned To : Benson, Dee
Assign. Date : 2/24/2015
Description: MacArthur v. Garden et al

---

## A. JURISDICTION

1.    Jurisdiction is proper in this court according to:

      a. _X_ 42 U.S.C. §1983
      b. ___ 42 U.S.C. §1985
      c. ___ Other (Please Specify) _____

2.    NAME OF PLAINTIFF _Bret Golden MacArthur_
      IS A CITIZEN OF THE STATE OF _Utah_

      PRESENT MAILING ADDRESS:   _P.O. Box 250_

                                 _Draper, Utah 84020_

3.   NAME OF FIRST DEFENDANT _Richard Garden MD._
     IS A CITIZEN OF _Salt Lake, Utah_
                 (City and State)

     IS EMPLOYED AS _UDC Bureau of Service_ at _UDC_.
        (Position and Title if Any)      (Organization)
     _Director_ _Clinical_
     Was the defendant acting under the authority or color of state law at the time these claims occurred?

     YES _X_ NO___.  If your answer is "YES" briefly explain.

     _Employed as Director of UDC Bureau of Clinical_
     _Services._

4.   NAME OF SECOND DEFENDANT _Kennon Tubbs MD_
     (If applicable)

     IS A CITIZEN OF _Salt Lake, Utah_
                 (City and State)

     IS EMPLOYED AS _Doctor_ at _UDC_.
        (Position and Title if Any)      (Organization)
     Was the defendant acting under the authority or color of state law at the time these claims occurred?

     YES _X_ NO___.  If your answer is "YES" briefly explain.

     _Employed as Doctor at UDC, Draper_ _USP_

5.   NAME OF THIRD DEFENDANT _Aaron Douglas, RN_
     (If applicable)

     IS A CITIZEN OF _Salt Lake, Utah_
                 (City and State)

     IS EMPLOYED AS _Triage Nurse_ at _UDC_.
        (Position and Title if Any)      (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES _X_ NO__. If your answer is "YES" briefly explain.

_Employed as a nurse at USP, Draper_

6. NAME OF FOURTH DEFENDANT _Ford Fannon, EMT_
   (If applicable)

IS A CITIZEN OF _Salt Lake, Utah_
                (city and State)

IS EMPLOYED AS _Medical Tecnician_ at _USP_ .
(Position and Title if Any)        (Organization)
Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES _X_ NO__. If your answer is "YES" briefly explain.

_Employed as a med tech at USP, Draper_

_* For complete list of parties please see parties_
                                    _Sheet (P1)_

(Use additional sheets of paper if necessary.)

## B. NATURE OF CASE

1. Why are you bringing this case to court? Please explain the circumstances that led to the problem.
   _Defendants were deliberately indifferent to_
   _the plaintiffs serious medical needs then conspired_
   _to cover it up then retaliated against him_
   _for filing grieviences to get to the Courts._

## C. CAUSE OF ACTION

1.    I allege that my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach additional pages)

a.    (1)    Count I: Deliberate Indifference to Plaintiffs Serious medical need

      (2)    Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing legal authority or arguments.)

      Between Aug. 30th and Sept. 7th, 2011 The defendants failed to treat plaintiffs kidney stone that Put him in rhenal failure

      * Continued on Sheets C1-1 thru C1-x

b.    (1)    Count II: Deliberate Indifference to plaintiffs serious medical need

      (2)    Supporting Facts: Between Sept. 1st and Sept. 5th, 2011 Defendants failed to treat plaintiffs allergic reaction to an antibiotic.

      * Continued on Sheets C2-1 thru C2-x

c.    (1)    Count III: Deliberate Indifference to Plaintiffs Serious medical need and retaliation for seeking medical care

(2)   Supporting Facts:   *A Foley Catheter was placed into plaintiffs blader on Sept 8, 2011 and was infected and ulcerated for weeks without being treated or removed by the defendants*

*(Continued on sheets C3-1 thru C3-2)*
*- See Also counts 4 and 5 on sheets C4-X and C5-X*

### D. INJURY

1.   How have you been injured by the actions of the defendant(s)?

*a) Permanant loss of half of my Kidney Function*
*b) Respiratory Distress for 4 days*
*c) Pain from Kidney stone for 8 days*
*d) Pain from ulcer on penis for more than 3 weeks*
*e) Permanant Disfiguration of Ureathra opening*
*f) Diahreah and Vomiting for 6 days untreated*
*✳ Continued on Injury Sheet D*

### E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.   Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action or otherwise relate to the conditions of your imprisonment?
YES_____ / NO  X . If your answer is "YES," describe each lawsuit. (If there is more than one lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)

   a.        Parties to previous lawsuit:

             Plaintiff(s): _____

             Defendant(s): _____

   b.    Name of court and case or docket number: _____

c.  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____

d.  Issues raised: _____

_____

_____

e.  When did you file the lawsuit? _____
    Date     Month     Year

f.  When was it (will it be) decided? _____

2.  Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C? YES _X_ / NO ____. If your answer is "YES" briefly describe how relief was sought and the results.   If your answer is "NO" explain why administrative relief was not sought.

Grievance # 990880691 through Level 3

Grievance # 990889292 through Level 3

Grievance # 990889554 through Level 3

Grievances 990888607, 990888609,

Unrecorded grievance filed 8/1/14 against

Captain Hughes and lieutenant Green.

Grievance # 99088847 through Level 3

### F. REQUEST FOR RELIEF

1.  I believe that I am entitled to the following relief:

Declatory

Injunctive

Compensatory

Punative

Any other relief the court deems proper

See details on pages F1 - Fx

Parties

Plaintiff, Bret G. MacArthur, at all times
relevant, was confined in the Utah State Prison (USP)
by the Utah Department of Corrections (UDC) in
Draper, Utah.

Defendants:
   Richard Garden M.D., Director of UDC Bureau of Clinical Services
   Kennon Tubbs M.D., Medical Doctor at USP Draper
   Aaron Douglas R.N., Triage Nurse at USP Draper
   Wayne A. Freestone, Contract Atty. for USP, Draper
   David J. Angerhofer, Contract Atty. for USP, Draper
   Jared Bronsky EMT
   Jason McClellan EMT
   David Evans EMT
   Seth Drew EMT
   Scott Holman EMT
   Ford Fannon EMT
   The Utah Department of Corrections (UDC)
   The Utah State Prison in Draper, Utah (USP)
   Sydney Roberts MD, medical Doctor at USP, Draper
   Logan Clark, PA at USP, Draper


   John Does 1-20

Defendants, at all relevant times, were acting
under color of state law and are being Sued
in their official and individual capacities


P1

1 | Plaintiff is knowledgeable of Emergency Medicine having been aa Certified EMT for 15 years. His EMT License number was 982914. He was a Volunteer with Springville City Ambulance for 5 years helping care for over 500 patients from 1998 thru 2003.

2 | On 1/26/10 in a medical interview conducted by Raymond Merrill, P.A. Plaintiff disclosed his history of Kidney Stones and Kidney disease resulting in decreased kidney function. P.A. Merrill stated an intent in the medical record to follow up with records and labs. Medical records show that labs were done but no medical records were obtained.

3. | On 8/30/2011 plaintiff informed Jeremy Wendler, EMT that he was experiencing Lower, Left side, abdominal pain (flank pain) which he associated, from a previous experience, with a kidney Stone. EMT wendler refused to send me to the infirmary, or perform an examination, or give me anything for pain. He told me if I needed to see a doctor to put in a Health Care Request (HCR).

[1-1]

4. Over the next 2 days the plaintiff turned in 3 HCR's stating:
   - Having left flank pain, I would like to rule out another kidney stone
   - I am experiencing left flank pain 2-3/10 @ 11 Am and would like to rule out another kidney stone
   - I have left flank pain 7/10 and on tylonol. I believe I have a kidney stone. I have had 5 stones in the past that have been removed surgicaly. I am in stage 4 rhenal failure

5. None of these health care requests prompted a move to the infirmary or any other medical care.

6. On thursday 9/1/2011 after I informed EMT wendler of my worsening condition. I observed him call the infirmary. According to medical records he spoke with Aaron Douglas, RN who had him collect a urine sample and perform a dip test. From the results of the dip test, RN Douglas diagnosed me with a urinary tract infection which diagnosis was confirmed by Kennon Tubbs, MD. Neither RN Douglas nor Dr. Tubbs examined me for this complaint. Both

C.1-2

RN Douglas and Dr. Tubbs know from my medical records of my history of kidney stones and kidney disease.

7. From ~~my~~ plaintiffs previous experience with kidney stones he knows that a simple X-Ray or ultra sound would detect his kidney stones.

8. Contacted EMT's and 1 nurse daily informing them of my pain and serious need for medical care. I also contacted Sgt. Gurney and Lt. Demill and other officers on Charlie block. I also contacted sgt. Larsen and Sgt. Drake where I worked in the chapel. None of these efforts got me seen by medical staff who could make a diagnosis of a kidney stone. This was all of the ways I knew of to access Emergency medical care per ICR form. (Inmate Care Request)

9. From 9/2/2011 thru 9/8/2011 I could not pee, I could hold down no food throwing up around 6 times a day, I had water like diareah, I was in trendous pain between 5 and 8 out of 10 the entire time, and I was unable to sleep. All of this communicated daily to EMT's and Duce to a nurse but no treatment was given and they would not take me to the infirmary.

C 1-3

10  On 9/8/2011 plaintiff was seen in the infirmary
    by P.A. Jefferies. A blood test was performed which
    showed that plaintiff had essentially no kidney function.
    He was emediatly taken to the University of Utah
    Medical Center where tests revealed that he had
    multiple kidney stones and was in acute rhenal
    failure. Surgery was performed that night to
    remove the stones. ~~and put in~~

11. ~~Due to~~ Defendants deliberate indifference to plaintiffs
    serious medical need for these 9 days resulted
    in the permanant loss of half of plaintiffs kidney
    function.

12. Richard Garden M.D. was deliberately indifferent
    to my serious medical need by permitting budget
    and staffing to decrease each year for the last five
    years while the number of inmates and the age
    of those inmates has been going up leaving insufficient
    resources to diagnose and treat my kidney stones

13. Dr Garden has set policies and set up training
    for EMT's to act as gatekeepers to difinitive
    medical care. These policies are insufficient

C1-4

and the EMT's are not qualified even with training to properly diagnose kidney stones or kidney failure. He has these EMT's operating outside of their licensed scope of practice which caused my kidney stones to go undiagnosed or treated for 9 days.

14. All EMT's and the nurse I contacted for Emergency medical care were deliberately indifferent to my serious medical need by knowingly operating outside their licensed scope of medical practice and failing to properly diagnose and treat my kidney stones or failing to get me to definitive medical care for a proper diagnosis and treatment. resulting in my kidney stones doing damage for 9 days and leading to my kidney failure.

15. All EMT's and the nurse I contacted for Emergency medical care are guilty of abandonment deliberate indifference by not getting me to sign a waiver or getting me to a higher caliber of medical care. This abandonment resulted in the loss of half of my kidney function.

Abandonment

C1-5

16. Dr. Garden was deliberately indifferent to my serious
    medical need by failing to properly train and
    supervise the medical technicians on when to send
    an individual to see a doctor.

17. Plaintiff was told by defendants on 9/2/2011 that
    it would be impossible to see a doctor before
    9/6/14 as it was a holiday weekend. Failure
    to staff medical care over holiday weekend demonstrates
    deliberate indifference.

1. On 9/2/2011 plaintiff was prescribed Septra antibiotic to be taken twice a day for a supposed UTI.

2. After taking the Septra, Plaintiff experienced an alergic reaction to the medication including swelling of his neck and difficulty breathing.

3. Plaintiff reported these symptoms to John Doe, EMT who, without checking vitals or testing any other examination, told him there was nothing wrong with him and would not change his medication, send him to the infirmary or even note the alergic reaction in plaintiffs medical record.

4. That night the plaintiffs respiratory distress became so acute that he stopped the block officers durring count and requested Emergency medical care.

5. John Doe EMT was called to plaintiffs cell and after checking his pulse and oxiyen saturation of his blood declaired that he was fine and would not give plaintiff Oxygen, antihistamines, nor would they take him to the Infirmary to monitor his condition.

C2-1

6. Plaintiff stopped taking Septra but still experienced lingering effects that night preventing sleep. Plaintiff reported stopping medication to John Doe Emt the next day.

7. On 9/5/2011 plaintiff was told by John Doe EMT that if he did not take the septra he would never get into the infirmary because he wasn't doing as he was told.

8. Plaintiff, desperate for medical care and hopeing he was mistaken about the cause of his respiratory distress took 1 dose of septra.

9. Night of 9/5 - 9/6/2011 plaintiffs throat again swelled up and he was again in respiratory distress. He again stopped an officer during night counts and a John Doe Emt again came and checked his pulse and oxygen saturation but gave no treatment or nor continued monitoring plaintiffs condition.

10. Respiratory distress symptoms again lasted for two days.

C2-2

11. Plaintiff was assured by John Doe EMT that If he were to pass out or die ~~trewoo~~ from respiratory Exhaustion he would be taken to the Infirmary. Plaintiff does not know how they would have known he was passed out as opposed to sleeping. He was not willing to test Emt's assertion.

12. My alergy was never noted in my medical file, I was never seen by medical staff and I never recieved any treatment for my alergic reaction to Septra.

C2-3

1. Durring plaintiffs Surgery to remove his kidney Stones on 9/8/11 the surgeons placed a foley Catheter through his penis and into his bladder to be able to measure urine flow and to prevent blockage.

2. After leaving the hospital on 9/10/2011 no measurement of urine flow was ever taken.

3. Pain of 5 or 6 out of 10 and of a very sharp nature that began to inhibit my sleep. This pain started the second week after leaving the hospital and plaintiff contacted John Doe EMT for medical care to have the Catheter removed

4. On 10/1/2011 plaintiff was seen by Logan Clark P.b.9. who determined that the tip of plaintiffs penis was ulcerated and infected but would not remove the Catheter or send plaintiff to uumc to be evaluated by a urologist.

5. Plaintiffs Catheter was removed by uumc urologists on 11/18/14 but too late to prevent permanant disfiguration of his urethra opening. 71 days after Surgery.

C 3 — 1

6. Plaintiff is concerned that this disfiguration will inhibit his ability to father children in the future.

7. The Urologist had instructed that the catheter was to be removed in three weeks not 10 weeks. Since no contrary opinion by prison doctors was ever entered the defendants failure to cary out the urologists instructions constitutes deliberate indifference to my serious medical need.

8. Dr Roberts, as the doctor overseeing my care at USP Should have seen that the catheter was removed in a timely maner.

C3-2

C

Count 4: Conspiracy to falsify medical
          Records

1. On 9/1/2011 Jeremy Wendler, EMT and
   Aaron Douglas, RN agreed to engage in a conspiracy
   to falsify plaintiffs medical record by having
   EMT Wendler collect and test a urine sample from
   plaintiff while having Aaron Douglas, RN record
   in the medical record as if he had seen the plaintiff,
   collected the sample and performed the test.

2. This conspiracy was intended to shield Wendler
   and Douglas from evidence of their deliberate indifference
   to plaintiffs serious medical need.

3. Between Dec 2, 2011 and Sept 19, 2014 persons
   known only to the defendants agreed to engage in
   a conspiracy to delete plaintiffs medical records
   of plaintiffs attempts to obtain medical care for
   his kidney stone and allergic reaction to medication.

5.4. This Conspiracy Shielded defendants mentioned on
   those records from being sued in this action.

                    C 4 - 1

4. On 9/7/11 at 8:00 AM an incident Report was filed by Block officer, Sgt Jason Gurney and Lt. Kent Devill. Incident report states that medical staff was notified but there is nothing in plaintiffs medical records of this incident.

6.5. Between Aug. 30, 2011 and Sept 7, 2011 Persons ~~parties~~ known only to the defendants agreed to engage in a conspiracy by not recording in the plaintiffs medical chart some of the times and ways he sought medical care for his serious medical need thus shielding these persons from prosecution for their deliberate indiference. failure to keep accurate medical records is deliberate Indifference.

C4-2

Count 5 — Retaliation for a constitutionaly protected activity.

1. On 78/10/14, Plaintiff filed a grievance about the housing policy on the Oquirrh 5.

2. The Officers over this block, at the time, were Defendant Lt. Green and Cpt. Hughes.

3. On 7/14/14 Lt. Green came to my bunk, told me I was a trouble maker, threatened to move me off the block, threatened to take my privilage and lockdown levels, all in a loud voice and threatening demenor.

4. Sgt. Hutchinson witnessed this event.

5. Later the same day I was called down to the office and told by Lt. Green that he was thinking of putting the unit on restriction because of me.

6. On 7/14/14 I filed a second grievance about the threats and intimidation in retaliation for the first grievance as listed above.

7. On or about 7/24/14 I was called into OMR with Cpt. Hughes, Lt. Green and 3 other officers to "go over" my grievances. The Cpt. refused to look at the tape of number 3 above or interview any witnesses to the events.

C5-1

8. On 8/1/14 I was called to the office where the reply to my first and second grievances were redd to me in front of Cpt. ~~Green~~ Hughes, Lt. Green, the case manager and 2 other officers.

9. I was told my grievances were nonsense and without merit and all of my remedies were denied. I was required to sign the grievance replies and indicate if the grievances were resolved or not on the captains desk in front of him with the Lieutenant standing at parade rest 5 feet behind me.

10. On 8/1/14 I filed a grievance against Cpt Hughes charging him with breaking policy as found in AE02 - Officer code of conduct in 05 particulars and FD02 in 2 particulars including derilication of duty.

11. On 8/7/14 Cpt Hughes called to the block officer and told him to roll me up as I was moving to the lower oquirrhs. The block officer asked why as I was a respectful and trouble free inmate but the Captain told him to Just get me moved.

12. On 8/11/14 recieved a grievance problem form stating that my grievances would not be allowed to go foreward as I no longer lived on the block so I was no longer affected.

C5-2

13. This form was sent by Defendant Billie Casper who is also the person who would have recieved my grievance filing against Cpt Hughes and informed her of it as the Prison Grievance coordinator.

14. Subsiquently, Billie Casper has used many duplicit and unethical grievance handling techniques to attemp to prevent any of my grievences from going foreward which are too involved for explanation in this complaint but which I can demonstrate at trial.

15. Billie Casper would not permit the grievance against Cpt Hughes (see 10 above) to even be filed

16. Block Oquirrh 5 is a privilaged housing block with no locks on the doors and big windows that open and a dorm setting that prevents decreases the danger of rape or assault that is found in 2 man cells.

17. I have never had a writeup and know of no condition or event that would have caused me to be moved off of Oquirrh 5 other than my filing of the grievances.

18. All of the above would have a chilling effect on a normal person who was trying to file a grievance or gain access to the courts.

C5-3

19. On 10/13/14 I submitted an earlier version of this complaint to the contract attorneys for them to assist me in it's preparation.

20. The contract attorneys contract states that they will prepare and return complaints within 7 business days.

21. On 10/30/14 I sent the contract attorneys a letter asking the status of my complaint and requesting it completed and returned in a timely fashion. I recieved no reply.

22. On 11/8/14 I filed a grievance against the contract attorneys for not preparing my complaint in a timely manner and longer than they contract contracted to do so.

23. On 11/17/14 the complaint was returned to me with nothing done and a single piece of case law that does not apply to this case. The contract attorneys declined to assist me stating that the case was frivilous. This was done in retatiation for the above grievance.

C5-4

Injury Continued

D. I.     g) I will require dialisis sooner than I should have.

h) I will require a kidney transplant sooner than I
    should have.

I) I could have dificulty fathering children.

J) I was not assisted by the contract attorneys
    in preparing this complaint.

K) I was moved out of pretered housing.

L) My life has been shortened.

D1

F - Request For Relief

1. Award plaintiff compensatory Damages Joint
   and Several against defendants Comesurate with
   the injury he suffered.

2. Punitive damages awarded to the plaintiff
   against the defendants that the court deams
   proper.

3. Grant an induction against the UDC and
   the USP that EMT's are not qualified to
   determine medical need and cannot serve as
   gatekeepers to medical care.

4. Grant an injunction against the UDC and
   the USP that inmates with complaints that if
   true would threaten their lives or their limbs
   must be evaluated by a doctor before being
   released from care or else they must sign a
   release form.

5. Award plaintiffs costs and pre-Judgement interest

6. Any other declairations, orders, injunctions, or
   awards the court deams proper and Just.

F1

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct.  28 U.S.C. §1746; 18 U.S.C §1621.

Executed at _USP Draper, Utah_ on _Feb 3_____ 20_15_.
           (Location)          (Date)

_Brit McArthur_
Signature