IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRET GOLDEN MACARTHUR,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KENNON TUBBS et al.,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTIONS TO DISMISS**<br><br>Case No. 2:15-CV-117 DB<br><br>District Judge Dee Benson |

Plaintiff, Bret Golden MacArthur, proceeds *in forma pauperis*, *see* 28 U.S.C.S. § 1915 (2018), in this *pro se* civil-rights suit, *see* 42 *id*. § 1983. The Court now grants Defendants Angerhofer and Freestone's motions to dismiss.

## A. Standard of Review

This Court shall dismiss claims in a complaint filed *in forma pauperis* that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is *pro se,* the Court construes his pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However,

"[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff asserts that prison contract attorneys Angerhofer and Freestone violated his federal civil rights pursuant to 42 U.S.C. 1983 by denying him meaningful access to the courts when they declined to help him draft his complaint in this case.

### C. Defendants' Rejoinder

In their motions to dismiss, Defendants contend they are not liable under federal civil-rights law because, as private attorneys contracted by the Utah Department of Corrections to provide initial legal services for state prisoners, they are not "state actors." First, they correctly argue that, though lawyers are generally licensed by states, "they are not officials of government by virtue of being lawyers." *In re Griffiths*, 413 U.S. 717, 729 (1973). Further, they cite precedent that private contractors' acts do not become governmental acts under § 1983 by reason of their significant or even total involvement in executing the terms of public contracts. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982). They quote: "[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Shelly v. Kramer*, 334 U.S. 1, 14 (1948).

### D. Analysis

The Court is persuaded by Defendants' arguments, especially in light of an earlier case decided in this Court, *Smith v. Freestone*, Case No. 2:97-CV-944. In a Report and Recommendation, adopted in a dismissal order by the district court judge, the court held that "prison contract attorneys do not work under color of state law for purposes of § 1983." *See id.*, slip op. at 3 (D. Utah Aug. 20, 1998). The dismissal was affirmed by the Tenth Circuit, which agreed that attorneys who contracted with the state to provide legal help to inmates were not acting under "color of state law" in performing those duties. *Smith v. Freestone*, No. 99-4005, 1999 U.S. App. LEXIS 16766, at *2 (10th Cir. July 20,1999); *cf. Polk County v Dodson*, 454 U.S. 312, 321 (1981) ("[A] public defender is not amenable to administrative direction in the same sense as other employees of the State.").

### ORDER

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss are **GRANTED**. (*See* Doc. Nos. 32 & 36.) Defendants Angerhofer and Freestone are **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2018), for failure to state a claim on which relief may be granted.

DATED this 6th day of March, 2019.

BY THE COURT:

_(signature)_

DEE BENSON
United States District Judge